# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**CHRISTINA JACOBS,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**Case No. 5:13cv278/MP/CJK**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**_____/**

## REPORT AND RECOMMENDATION

This cause is before the court upon defendant's motion to dismiss the plaintiff's complaint or transfer venue (doc. 4). Plaintiff objects to dismissal of her case, but does not object to transfer of the case to the United States District Court for the Northern District of West Virginia. (Doc. 9, p. 1).

Plaintiff is an inmate currently confined at Waseca Federal Correctional Institution ("Waseca FCI"). The present lawsuit concerns plaintiff's initial confinement at United States Penitentiary Hazelton ("USP Hazelton") and later at Federal Correctional Institution Marianna ("FCI Marianna"). Plaintiff alleges that while confined at USP Hazelton, she injured her leg while doing step aerobics. (Doc. 1, p. 9). In short, plaintiff alleges the medical treatment she received for her leg at

USP Hazelton and following her subsequent transfer to FCI Marianna, constituted "medical negligence." (Doc. 1, pp. 6-7). The claimed actionable behavior and events resulting in plaintiff's alleged injuries are split between different actors at both USP Hazelton and FCI Marianna. Plaintiff lists the United States of America as a defendant on the cover of her complaint, but later lists mid-level practitioner E. Abad and doctor Ivan Negron as defendants. (Doc. 1, pp. 1-2). Plaintiff appears to be attempting to assert a claim under the Federal Tort Claims Act ("FTCA").

Plaintiff has filed several cases concerning her claims of medical negligence in both the Northern District of Florida and Northern District of West Virginia. On August 21, 2012, plaintiff filed *Jacobs v. Wilson*, Case No. 1:12cv131/IMK/JSK,[1] in the Northern District of West Virginia. Plaintiff alleged injury to her right leg from step aerobics and similar facts to the instant case. In *Wilson*, plaintiff named the United States and Alicia Wilson, a physician's assistant at SFF Hazelton, as defendants. On June 3, 2013, plaintiff also filed *Jacobs v. United States of America*, Case No. 5:13cv69/FPS/JES, in the Northern District of West Virginia. Similar to the instant case, plaintiff makes claims of medical negligence and includes an almost verbatim recitation of facts. Notably, plaintiff appears to be attempting to assert an FTCA claim, the same type of claim plaintiff asserts in the instant case. On November 6, 2012, plaintiff filed *Jacobs v. Abad*, Case No. 5:12cv363/MCR/EMT, in this court. In *Abad* (a *Bivens* action), plaintiff's claims and facts are again duplicative of the instant case.

---

[1] Magistrate Judge John S. Kaull has recommended that plaintiff's case be dismissed with prejudice.

*Case No: 5:13cv278/MP/CJK*

Defendant advocates for transfer under two theories: 1) the first-to-file rule, or in the alternative, 2) 28 U.S.C. § 1404. (Doc. 4, pp. 4, 7). "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (citations omitted). If this court determines that plaintiff's actions "involve substantial overlap" and plaintiff first filed one of these cases in another district court, "'the proper course of action [is] for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.'" *In re Checking Account Overdraft Litigation*, 859 F. Supp. 2d 1313, 1325 (S.D. Fla. 2012) (quoting *Cadle v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (alterations in original)). Here, plaintiff has filed separate actions involving the same set of facts and claims of medical negligence all against the same defendant–the United States of America. Further, plaintiff filed suit in the Northern District of West Virginia on June 3, 2013, and in this forum on August 15, 2013. Given these facts and plaintiff's lack of objection to transfer of the case, transfer under the first-to-file rule is appropriate in this instance. *See Rudolph and Me, Inc. v. Ornament Central, LLC.*, No. 8:11-cv-670-T-33EAJ, 2011 WL 3919711, at *3 (M.D. Fla. Sept. 7, 2011) (finding that "the chronology of the actions, the similarity of the parties, the similarity of the issues, and the lack of any compelling reasons to find in the contrary" all supported transfer under the first-to-file rule). Moreover, the overlap between the pending cases necessarily raises concerns of judicial efficiency and disparate resolutions of similar cases; such concerns would be addressed by transfer of the case. *See id*. (noting that concerns of "judicial waste" and the "potential for incompatible

rulings" further persuades the court that transfer of the case under the first-to-file rule is appropriate).[2]

Accordingly, it is respectfully RECOMMENDED:

1. Defendant's motion to transfer to the United States District Court for the Northern District of West Virginia (doc. 4) be GRANTED.

2. The clerk be directed to transfer this case to the United States District Court for the Northern District of West Virginia.

DONE AND ORDERED this 30th day of September, 2013.

/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Given that the court finds transfer appropriate under the first-to-file rule, the court will not address the merits of transfer pursuant to 28 U.S.C. § 1404. *See Laskaris v. Fifth Third Bank*, No. 13-20529-CIV-KING, 2013 WL 4496549, at *2 (S.D. Fla. May 14, 2013); *Rudolph and Me, Inc.*, 2011 WL 3919711, at *3.